JACOB M. ZINAMAN, as Executor, etc., of HYMAN SILBERMAN, Deceased, Respondent, v. SOPHIE STIVELMAN, Appellant, and GREATER NEW YORK SAVINGS BANK, Defendant.— Action by an executor of a decedent to impress a trust upon a savings bank account of $2,000 in the name of Sophie Stivelman, for the benefit of the estate of the deceased. Judgment for the plaintiff reversed on the law and the facts, with costs, and judgment directed for the appellant Sophie Stivelman, dismissing the complaint on the merits, with costs. The credible evidence, especially that from disinterested witnesses, discloses that the $2,000 deposited with the congregation as part of the security for the deceased, Hyman Silberman, as sexton thereof, was the money of Sophie Stivelman. She never parted with the title thereto. She turned it over to the congregation in her own name, for use in connection with the payment of the prior sexton's security, and she in turn allowed the same to be used — still retaining it in her own name — as part of a total of $3,000 security required of her brother in order to enable him to obtain the position of sexton. This view ensues from the testimony, particularly of the witnesses Abkowitz and Rohrlich, and obtains independently of the minute book and the cash book of the congregation. The entries in those books, however, reinforce the

propriety of the view which should obtain assuming that the books were properly excluded. The books, however, were improperly excluded and should have been admitted in evidence, and we, on this appeal, deem them to be in evidence under section 374-a of the Civil Practice Act, by way of correcting that ruling. The trial court was, no doubt, misled into accepting the view that at best Sophie Stivelman was a mere creditor of Hyman Silberman, as a consequence of the characterization of the transaction involving the $2,000 by certain witnesses as a " loan." The true nature of the transaction, however, is not to be determined by any such casual characterization. Its character is to be determined by what the parties did in fact and the form in which they embodied their acts. When thus appraised, the testimony discloses that there was not a loan of the money by Sophie Stivelman or her husband to the deceased Hyman Silberman. There was a deposit of the money with the congregation, without the title thereto ever passing to the deceased Hyman Silberman, and with that deposit made available as security for Silberman's proper discharge of his duties as a sexton. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Hagarty, Carswell, Davis, Johnston and Adel, JJ., concur. Settle order on notice.